IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA L. RUSSELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of the Social Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-09-617-D |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 22] issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), in this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). Judge Couch recommends affirmance of the Commissioner's decision to deny Plaintiff's application for supplemental security income benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of issues specifically raised by the objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[1]

In this administrative appeal, Plaintiff has raised a single claim of error with regard to the determination of an administrative law judge (ALJ) that she is not disabled: "The ALJ failed to recontact Russell's treating source." *See* Pl.'s Opening Br. [Doc. 18] at 4. Plaintiff bases this claim on a contention that the ALJ had a duty under 20 C.F.R. § 416.912(e), and *White v. Massanari*, 271 F.3d 1256 (10th Cir. 2001), to seek clarification of the records of one of her treating physicians,

---

[1] Plaintiff purports in her Objection to incorporate by reference all arguments in her opening brief. This tactic is ineffectual because "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Therefore, the Court focuses on the arguments raised in Plaintiff's Objection.

Dr. Rebecca Feliciano, M.D. Judge Couch, in a thorough Report and Recommendation, examines this issue and rejects Plaintiff's position, finding as follows:

> In this case, the ALJ had sufficient medical records and opinions of treating sources to determine the degree of Ms. Russell's limitations. Nothing in the proceedings before the ALJ triggered a duty to recontact Dr. Feliciano.

*See* Report [Doc. 22] at 8. In the Objection, Plaintiff contends Judge Couch erred by "incorrectly plac[ing] the burden of production on [Plaintiff] with regards to recontacting a treating source." *See* Pl.'s Objection [Doc. 23] at 1. Plaintiff argues that Judge Couch's Report is "not in harmony with the holding in *White*" that a claimant has no obligation to supply additional information when the record is deemed to be inadequate. *See id*. at 3.

Upon an independent review of the record and the issue of an ALJ's duty to recontact a treating physician, the Court concurs in Judge Couch's conclusion that the ALJ had no duty to request additional information from Dr. Feliciano. Plaintiff incorrectly relies on a panel opinion in *White* that was subsequently amended on the denial of rehearing and was expressly altered with regard to the pertinent issue. *See White v. Barnhart*, 287 F.3d 903 (10th Cir. 2002). The amended opinion clarifies an ALJ's duty to recontact a treating physician as follows: "[T]his obligation arises whenever the information received from the treating doctor is inadequate, not when the record as a whole is inadequate." *Id*. at 905. More specifically, "it is the inadequacy of the 'evidence' the ALJ 'receives from the claimant's treating physician' that triggers the duty." *Id*. at 908 (quoting 20 C.F.R. § 416.912(e)).

Here, as in *White*, the ALJ did not find the information supplied by Dr. Feliciano to be inadequate in the sense that further explanation of a medical opinion or report was needed.[2] Rather,

---

[2] The governing regulation provides: "We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on

2

read in the context of the record, the ALJ's comments concerning Dr. Feliciano's treatment notes simply reflect the fact that Dr. Feliciano's role in Plaintiff's treatment was limited and her records provided little useful information. Dr. Feliciano provided "medication management" while Plaintiff was receiving mental health counseling from a licensed social worker at DaySpring Behavioral Health Services. *See* Tr. 179-192.[3] The ALJ correctly noted that Dr. Feliciano made no effort to diagnose Plaintiff's psychological condition or to reach any conclusions or opinions regarding Plaintiff's functional capacity or impairment. Although the ALJ indicated Dr. Feliciano's handwritten notes were difficult to decipher, the ALJ did decipher and discuss them – commenting that Dr. Feliciano specifically noted no delusions or hallucinations. In short, Dr. Feliciano's records provided no relevant evidence that needed further clarification, documentation, or support. Instead, the records of other treating sources were considered and found to be adequate to reach a conclusion. Under these circumstances, the ALJ had no duty to recontact Dr. Feliciano to request additional information.

IT IS THEREFORE ORDERED that Judge Couch's Report and Recommendation [Doc. No. 22] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 19th day of August, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

medically acceptable clinical or laboratory diagnostic techniques." *See* 20 C.F.R. § 416.912(e).

[3] Dr. Feliciano saw Plaintiff on only two occasions. *See* Tr. 183, 189.